## RUFUS W. KIMBALL *v.* LOCKWOOD & SMITH.

Tenants of the mortgagor under a lease executed subsequently to the mortgage, by promising to pay, and paying rent, to the mortgagee under a forfeited mortgage, disentitle the mortgagor from recovering the same from them; they becoming thereby, through attornment, the tenants of the mortgagee.

DEBT for rent of a shop in High Street, Providence, wherein the plaintiff claimed $150, for the last three quarters of the year elapsing between March 1, 1858 and March 1, 1859, under a lease parol by him made to the defendants.

The case was submitted to the court, under the general issue, in fact and law; and it appeared, that the late Henry Matthewson, being the owner of the leased premises, in his lifetime, mortgaged them in fee to his son, Henry C. Matthewson, and, upon his death, they, with other real estate, came into the possession of the plaintiff, whose wife was one of said Matthewson's heirs at law; that being thus in possession, the plaintiff leased the shop in question to the defendants, by parol, from March 1, 1858 to March 1, 1859, at the rent of $200 for the year, payable quarterly; that after the death of his father, the son's mortgage having become due, on the 13th day of May, 1858, he sued the plaintiff in ejectment to recover possession of the estate of which the shop in question was a tenement, and gave notice to the defendants to pay their rent to him as mortgagee; that the defendants, having offered, under the advice of counsel, to pay rent to the plaintiff if he would give them a bond of indemnity against the claim of the mortgagee, which he did not do, promised the mortgagee to pay the rent to him, and did pay to him the last three quarters rent, accruing from the first day of June, 1858, to the first day of March, 1859, under a bond of indemnity from the mortgagee against the claim of the plaintiff, to recover which rent, after such payment, this action was brought. The rent of the quarter, during which notice was given by the mortgagee to the defendants to pay the rent to him, was paid by them to the plaintiff.

*James Tillinghast,* for the plaintiff, cited *Evans* v. *Elliot,* 9 Ad. & Ell. 392; *Field* v. *Swan,* 10 Met. 112.

*B. N. Lapham,* with whom was *Wm. H. Potter,* cited *Morse* v. *Gallimore, et al.,* Doug. 279; *Keech* v. *Hall,* Ib. 21; *Birch* v. *Wright,* 1 T. R. 378; *Pope* v. *Briggs,* 9 B. & C. 245; *Babcock* v. *Kennedy,* 1 Vt. 457; *Stone* v. *Patterson,* 19 Pick. 476; *Jones* v. *Clark,* 20 Johns. 51.

AMES, C. J.   It seems to be clear, upon principle, and is well settled by authority, that a mortgage by the lessor of lands under lease, operating as an assignment, *pro tanto,* of the reversion, carries the rent as incident to it, to the mortgagee. In such case, therefore, all that the law requires of the mortgagee to entitle him to rent of the tenant of the mortgagor, is notice to the tenant to pay the rent to him; such notice preventing any injustice to the tenant from double payment.

If, on the other hand, the lease be subsequent to the mortgage, as the mortgage gives to the mortgagee no title to the reversion out of which the lease was granted, he cannot, by mere notice, compel the tenant to pay rent to him, nor does his title to the rent accrue until he has obtained possession of the mortgaged estate.   He is not the landlord of the mortgagor, nor, by virtue of the relation between them, entitled to the rents and profits of the mortgaged estate, as long as the mortgagor retains possession.   *Evans* v. *Elliot,* 9 Ad. & Ell. 159; *The Manchester Hospital and Life Ins. Co.* v. *Wilson,* 10 Met. 126.

The mortgage, however, conveys the title to possession to the mortgagee, and, indeed, when, as in this case, forfeited, the whole title at law; and, unless some statute forbid, which none here does, the tenant of the mortgagor may attorn to the mortgagee, and by thus placing him in possession of the mortgaged premises, entitle him to the rents thereof.   There is no disloyalty to his landlord in such attornment by the tenant; since, thereby, he only recognizes a title which his landlord has granted.   *Jones* v. *Clark,* 20 Johns. 51.   In *Evans* v. *Elliot,* supra, Lord Denman seems to agree that the tenant's attornment will create a privity between himself and the mortgagee, or, as he expresses it, "is at least necessary" to create the relation of tenant and landlord between them; although he decides, that the attornment will not relate back to a notice

before given by the mortgagee to the tenant, but creates the privity and right to rent only from the time when it is actually made. As attornment is nothing more than the consent of the tenant to the grant of the seignory, or, in other words, to become tenant of the new lord, (Co. Lit. 309 a; Butler's note, 272,) and the tenants in this case, by promising to pay, and actually paying the rent to the mortgagee, thus attorned to, and became tenants to him, it follows, that they rightfully paid to him the subsequently accruing rent, and cannot be compelled to pay it over again to the plaintiff. Judgment must therefore be rendered for the defendants, for their costs.